500 S.E.2d 873

**STATE of West Virginia, Appellee,**

**v.**

**Danny WOLFE, Appellant.**

**No. 23868.**

Supreme Court of Appeals of
West Virginia.

Submitted Oct. 7, 1997.

Decided Dec. 17, 1997.

Darrell V. McGraw, Jr., Attorney General, Scott E. Johnson, Senior Assistant Attorney General, Charleston, for Appellee.

Gregory L. Ayers, Assistant Public Defender, Charleston, for Appellant.

## PER CURIAM: [1]

■ Danny Ray Wolfe (hereinafter "Appellant") appeals the Circuit Court of Cabell County's denial of probation following a plea of guilty to two counts of first degree sexual abuse. The Appellant contends that the lower court erred in failing to sentence him according to the terms of a binding plea agreement. We find that the lower court committed no reversible error in denying the requested probation, and we affirm.

### I.

The Appellant was charged with three counts of first degree sexual abuse by making sexual contact with a girl younger than eleven years. Pursuant to a binding plea agreement signed on October 25, 1995, the Appellant pled guilty to two counts of first degree sexual abuse.[2] The agreement further specified that the Appellant would receive two consecutive sentences of one to five years with the second sentence suspended and probated only if the Appellant was accepted into a sexual abuse program. Pursuant to the guilty plea, the lower court sentenced the Appellant to the two consecutive sentences of one to five years.

---

1. We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley*, 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4. (1992) ("Per Curiam opinions ... are used to decide only the specific case before the Court; everything in a *per curiam* opinion beyond the syllabus point is merely *obiter dicta....* Other courts, such as many of the United States Circuit Court of Appeals, have gone to non-published (not-to-be-cited) opinions to deal with similar cases. We do not have such a specific practice, but instead use published per curiam opinions. However, if rules of law or accepted ways of doing things are to be changed, then this Court will do so in a signed opinion, not a per curiam opinion.")

2. The plea agreement was apparently never reduced to writing but was verbally recited by the Assistant Prosecutor to the lower court on the record.

The procedures governing plea agreements are enumerated in Rule 11 of the West Virginia Rules of Criminal Procedure. Rule 11(e) provides, in pertinent part, as follows:

(e) Plea Agreement Procedure.

(1) In General.—The attorney for the state and the attorney for the defendant or the defendant when acting pro se may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty, or nolo contendere to a charged offense or to a lesser or related offense, the attorney for the state will do any of the following:

(A) Move for dismissal of other charges; or

(B) Make a recommendation or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court; or

(C) Agree that a specific sentence is the appropriate disposition of the case; or

(D) Agree not to seek additional indictments or information for other known offenses arising out of past transactions.

*See State ex rel. Forbes v. Kaufman* 185 W.Va. 72, 404 S.E.2d 763 (1991); *State v. Guthrie,* 173 W.Va. 290, 315 S.E.2d 397 (1984).

Upon being accepted into the Appalachian Center for Training and Therapeutic Services (hereinafter "ACTTS"), the Appellant moved the lower court for probation on the second count. The lower court denied that motion, and on March 11, 1996, the Appellant filed a Rule 35 motion to correct sentence.[3] On April 3, 1996, the lower court held a hearing on the Rule 35 motion and found that ACTTS was "not the kind of sexual treatment program that I had in mind." The lower court reasoned that the program into which the Appellant was accepted was an alcohol abuse counseling program, was not a recognized sexual offender treatment program, and therefore did not satisfy the condi-

tional requirements of the plea agreement through which the Appellant's second sentence would be suspended and probated only if the Appellant was accepted into a sexual abuse program.

## II.

The Appellant contends that the lower court's refusal to grant probation violated the plea agreement signed by the Appellant and approved by the lower court. In *State ex rel. Brewer v. Starcher,* 195 W.Va. 185, 465 S.E.2d 185 (1995), we explained that a circuit court must sentence according to terms of an accepted binding plea agreement. Otherwise, Rule 11 of the West Virginia Rules of Criminal Procedure and the Due Process Clause of the Constitution are violated. *Id.* at 191, 465 S.E.2d at 191. In syllabus point one of *Brewer,* we explained our standard of review in such matters as follows:

Cases involving plea agreements allegedly breached by either the prosecution or the circuit court present two separate issues for appellate consideration: one factual and the other legal. First, the factual findings that undergird a circuit court's ultimate determination are reviewed only for clear error. These are the factual questions as to what the terms of the agreement were and what was the conduct of the defendant, prosecution, and the circuit court. If disputed, the factual questions are to be resolved initially by the circuit court, and these factual determinations are reviewed under the clearly erroneous standard. Second, in contrast, the circuit court's articulation and application of legal principles is scrutinized under a less deferential standard. It is a legal question whether specific conduct complained about breached the plea agreement. Therefore, whether the disputed conduct constitutes a breach is a question of law that is reviewed de novo.

Syllabus point four of *Brewer* instructed:

Once a circuit court unconditionally accepts on the record a plea agreement un-

---

**3.** Rule 35(a) of the West Virginia Rules of Civil Procedure provides as follows:

(a) Correction of Sentence. The court may correct an illegal sentence at any time and may

correct a sentence imposed in an illegal manner within the time period provided herein for the reduction of sentence.

der Rule 11(e)(1)(C) of the West Virginia Rules of Criminal Procedure, the circuit court is without authority to vacate the plea and order reinstatement of the original charge. Furthermore, after a defendant is sentenced on the record in open court, unilateral modification of the sentencing decision by the circuit court is not an option contemplated within Rule 11(e)(1)(C).

The Appellant emphasizes that the underpinning of the counseling requirement is West Virginia Code § 62–12–2(e) (1992), requiring sexual abuse counseling at a "mental health facility or through some other approved program" before a defendant is eligible for probation after pleading guilty to any of the enumerated offenses. The Appellant asserts that ACTTS is indeed a "mental health facility" and therefore should be determined to satisfy the requirements of the plea agreement.[4]

The Appellant requests this Court to vacate his sentence on Count II and remand with instructions that the lower court resentence, granting probation on the second count in accordance with the plea agreement. We find that the lower court committed no reversible error in denying probation. The lower court extensively enumerated its concerns regarding the type of facility selected and reasoned that ACTTS was "not a recognized sexual offender treatment program in this area." The lower court further emphasized that ACTTS is operated by a psychologist and a business and educational specialist. West Virginia Code § 62–12–2(e) provides, in pertinent part, as follows:

(e) In the case of any person who has been found guilty of, or pleaded guilty to, a felony or misdemeanor under the provisions of section twelve or twenty-four, article eight of chapter sixty-one, or under the provisions of article eight-c or eight-b, both of chapter sixty-one, all of this code, such person shall only be eligible for probation after undergoing a physical, mental and *psychiatric study* and diagnosis which

shall include an on-going treatment plan requiring active participation in *sexual abuse counseling* at a mental health facility or through some other approved program.... (emphasis supplied).

Thus, the clear and unambiguous language of that statute provides that the eligibility for probation is dependent upon a physical, mental, and psychiatric study and diagnosis and treatment plan. The individuals examining the Appellant were not psychiatrists, and the lower court found that the program in which the Appellant registered was one of alcohol counseling.

The statutory requirements governing this matter must be strictly observed. "Release on probation is subject to express statutory provisions...." *State ex rel. Simpkins v. Harvey*, 172 W.Va. 312, 315, 305 S.E.2d 268, 272 (1983). As recognized by the California court in *People v. Superior Court*, 50 Cal. App.4th 1216, 58 Cal.Rptr.2d 165 (1996), "[o]bviously, a decision [granting probation] which simply ignored statutory requirements constitutes an abuse of discretion." *Id.* 58 Cal.Rptr.2d at 169. In the present case, the lower court was bound by the plea agreement, as was the Appellant. The Appellant failed to satisfy a condition of that agreement, and the lower court then refused to place the Appellant on probation. We find no reversible error in that scenario.

Based upon the foregoing, we affirm the decision of the lower court.

Affirmed.

---

4. The Appellant also contends that any ambiguity regarding the intent of a plea agreement must be resolved in favor of a defendant. In *United States v. Delegal*, 678 F.2d 47 (7th Cir.1982), the Seventh Circuit Court of Appeals specified that any imprecision or ambiguity must be construed in a defendant's favor. *Id.* 678 F.2d at 51. *See also U.S. v. Harvey*, 791 F.2d 294, 300 (4th Cir. 1986). Because we find no ambiguity in the plea agreement, however, we do not engage in any interpretation of the intent of the agreement.